UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEPHEN HENRY, individually, and as
Co-Executor of the Estates of Harold Henry and
Alice Henry, and as Beneficiary of the Estates of
Harold Henry and Alice Henry; and

MARK HENRY, individually, and as
Co-Executor of the Estates of Harold Henry and
Alice Henry, and as Beneficiary of the Estates of
Harold Henry and Alice Henry,

         Plaintiffs,

   -vs-               07-CV-789C

SALLY B. LOGAN, ESQ., individually,
and in her capacity as Attorney and as
Partner or Employee of Hodgson Russ, LLP,
and in her official capacity as Notary Public,
a public officer of the State of New York;

STEPHEN M. NEWMAN, ESQ., individually,
and in his capacity as Attorney and as former
Partner or Employee of Hodgson Russ, LLP;

HODGSON RUSS, LLP; and

JOHN DOE and JANE DOE Nos. 1-5:
former and present Partners, Employees,
or Agents of Hodgson Russ, LLP:
Unknown parties pursuant to CPLR § 1024.

         Defendants.

---

   This case was originally filed in New York State Supreme Court, Erie County, on November 9, 2005. In accordance with a stipulation of the parties, on November 21, 2007, plaintiffs filed an amended complaint which included a cause of action pursuant to Title 42 U.S.C. § 1983 for the violation of civil rights. Thereafter, defendants removed the case to

this court on November 26, 2007 (Item 1). The amended complaint, which is 116 pages long, includes 837 factual averments and 20 causes of action. Only the section 1983 cause of action provides a basis for federal jurisdiction. All remaining causes of action are state law claims. Defendants have moved to dismiss the complaint in its entirety.

**BACKGROUND AND FACTS**

This case arises from a dispute between siblings regarding a power of attorney allegedly signed by their mother. Plaintiffs Stephen and Mark Henry are co-executors of the estate of Harold and Alice Henry, their deceased parents. At the time of his death in 2002, Harold Henry had an estate plan, including a will, power of attorney, and health care proxy (Item 1, Exh. A, tab 8, ¶ 20). Following Harold's death in 2003, Alice Henry executed a general power of attorney authorizing plaintiffs Stephen and Mark Henry to act on her behalf. *Id.,* ¶ 32. In April 2003, Alice Henry, who had become physically disabled, moved to Elderwood Health Care at Lakewood, a senior care residence. *Id.,* ¶ 60. Plaintiffs allege that by April 2004, Alice Henry lacked the mental capacity to make health care decisions for herself and lacked contractual and testamentary capacity. *Id.,* ¶¶ 66-71.

Plaintiffs allege that defendant Logan "traveled to ElderWood on November 10, 2004 with the intention of communicating with Alice Henry." *Id.,* ¶ 310. Plaintiffs further allege that Ms. Logan induced Alice Henry to revoke her existing power of attorney and to execute a new one which appointed all four Henry children, plaintiffs Mark and Stephen Henry and their siblings, Suzanne Boies and William Henry. *Id.,* ¶¶ 329-30.

As stated above, plaintiffs have managed to fashion 20 causes of action and over 800 factual averments from this relatively simple factual situation. They have voluntarily

2

agreed to withdraw the fourth cause of action, based on the alleged violation of New York Penal Law § 210.35. *See* Item 19, p. 12. The plaintiffs' claims are as follows:

1. Tortious interference with the estate plan of Alice Henry;

2. Tortious interference with the estate plan, with "aggravating circumstances;"

3. Violation of the Code of Professional Responsibility and the New York Judiciary Law;

4. Violation of New York Penal Law § 210.35 (withdrawn);

5. Violation of New York Executive Law § 135–misconduct by a notary public;

6. Fraud by a notary public in violation of Executive Law § 135;

7. Violation of New York Penal Law § 175.40–issuing a false certificate;

8. Violation of Penal Law § 195.00–"official misconduct;"

9. Violation of New York General Business Law § 349(a)–deceptive acts or practices;

10. Breach of fiduciary duty;

11. Interference with contract;

12. Alternatively, interference with "prospective advantage;"

13. Common law fraud and deceit;

14. Malicious prosecution (claim is withdrawn, but plaintiffs seek leave to replead as abuse of process);

15. Intentional infliction of emotional distress;

16. Title 42 U.S.C. § 1983–violation of civil rights;

17. Disgorgement of fees pursuant to court's equitable jurisdiction;

18. Interference with family and business relationships;

19. Negligence; and

20. Interference with the administration and settlement of the estate of Harold Henry.

## DISCUSSION

The court will first address the only cause of action that arguably confers federal jurisdiction and was the apparent basis of defendants' removal of this case to this forum–the sixteenth cause of action, pursuant to 42 U.S.C. § 1983. Plaintiffs allege that defendant Sally Logan, exercising her authority as a notary public, was acting under color of state law when she subjected Alice Henry to the deprivation of rights, privileges, or immunities secured by the United States Constitution or federal law, including "(i) guarantees designed to protect personal privacy and dignity; (ii) the right to be free from exploitation; (iii) property interests without due process of law; (iv) the right to be free from unreasonable seizures; and (v) the right not [to] be subjected to excessive force." Item 1, Exh. A, tab 8, ¶ 786. As stated above, defendant Logan went to ElderWood on November 10, 2004 and met with Alice Henry in the presence of her daughter Suzanne Boies, Boies's husband Stephen Boies, and William Henry. *Id.,* ¶¶ 316-18. At that time, it is alleged that defendant Logan forced, induced, or coerced Alice Henry to revoke her existing power of attorney and execute a new one. *Id.,* ¶ 329. Alternatively, plaintiffs allege that the documents do not contain Alice Henry's signature. *Id.,* ¶ 328. The court notes that Alice Henry is not a plaintiff.

"To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (internal quotation marks and citations omitted). The courts have reiterated the well-established standard for determining when a person has acted under color of state law for

the purposes of section 1983: a person acts under color of state law only when exercising power "'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Back v. Hastings on Hudson Union Free Sch. Dist.,* 365 F.3d 107, 122-23 (2d Cir. 2004). In *Polk County,* the Court held that a public defender, a full-time employee of the petitioner county, was not acting under color of state law and thus not amenable to suit under section 1983 when she withdrew as counsel in a criminal appeal. The actions of the public defender "entailed functions and obligations in no way dependent upon state authority[,]. . . [and the] relationship became identical to that existing between any other lawyer and client." *Polk,* 454 U.S. at 318.

Similarly, in *Kaufman v. McCrory Stores Div. of McCrory Corp.*, 613 F. Supp. 1179 (D.C.Pa. 1985), *aff'd*, 792 F.2d 138 (3d Cir.), *cert. denied*, 479 U.S. 820 (1986), a privately employed stenographer who was also a notary public was hired to record a deposition. As a notary, the stenographer was authorized to administer the oath or affirmation to the deponents. Plaintiff alleged that the stenographer altered and omitted portions of the depositions, a power the court recognized she possessed regardless of state law. Accordingly, the court found that she was not acting under color of state law, and the plaintiff's section 1983 claim was dismissed. Likewise, in *Daniel v. Safir,* 135 F. Supp. 2d 367 (E.D.N.Y. 2001), plaintiff's claims against a computer salesperson who was also a notary public did not relate to actions taken in the defendant's capacity as a notary public, but rather to those taken in his capacity as a computer salesperson. Accordingly, the court

5

found the computer salesman was not acting under color of state law and could not be held liable for any alleged deprivation of plaintiff's constitutional rights.

Here, defendant Logan was retained by Suzanne Boies and William Henry, not for her services as a notary public but for her expertise in estate law. She met with Alice Henry for the purpose of revoking a previous power of attorney and obtaining a new one. Logan's representation of Suzanne Boies and William Henry was independent of her status as a notary public, and her actions on November 10, 2004 were not made possible by her status as a notary public. Plaintiffs do not complain that Alice Henry's signature was improperly witnessed. In fact, they allege that Alice Henry did not sign the new power of attorney. Their complaint is with Ms. Logan's actions as attorney for Suzanne Boies and William Henry, and her status as a notary public does not transform her conduct into state action. A lawyer representing a client, by virtue of being an officer of the court, is not acting under color of state law within the meaning of section 1983. *Polk County,* 454 U.S. at 318. Accordingly, the court finds that Ms. Logan was not acting color of law for purposes of section 1983.

Additionally, plaintiffs have failed to allege the deprivation of any of their constitutional rights. While they have alleged five separate grounds for the section 1983 claim, none of these is supported by any factual allegations in the complaint and appear to have been manufactured from whole cloth. Even accepting the truth of the allegations and drawing all reasonable inferences in the plaintiffs' favor, as we must on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), there is nothing in this complaint that demonstrates the defendants' denial of plaintiffs' or Alice Henry's personal privacy and dignity, or the violation of plaintiffs' or Alice Henry's right to be free from exploitation, unreasonable

search and seizure, or excessive force.  Additionally, the plaintiffs have not asserted any basis for standing to sue on their own behalf for these alleged violations of Alice Henry's rights.  *See Morgan v. City of New York*, 166 F.Supp.2d 817, 819 (S.D.N.Y. 2001) (only the person toward whom state action was directed may maintain a claim under section 1983).

Finally, plaintiffs allege that the power of attorney between Alice Henry and the plaintiffs is a property right and that defendants have deprived them of this right without due process.  A power of attorney is a written instrument by which one person, the principal, appoints another person, the attorney-in-fact, as agent and confers on the attorney-in-fact the authority to perform acts on behalf of the principal.  Under New York law, a power of attorney creates a fiduciary relationship between principal and attorney-in-fact.  *In re State Street Assoc., LLP,* 323 B.R. 544, 559 (Bankr.N.D.N.Y. 2005); *Matter of Ferrara,* 852 N.E.2d 138, 143-44 (N.Y. 2006). The grant of a power of attorney does not confer an ownership interest in a claim.  *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP,* 549 F.3d 100, 108 (2d Cir. 2008); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 17-18 (2d Cir. 1997).  Accordingly, plaintiffs have failed to state "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**CONCLUSION**

For all the foregoing reasons, the plaintiffs' section 1983 claim is dismissed.  Moreover, the court denies plaintiffs' request to amend the complaint to replead this cause of action, as amendment would be futile.  In over 800 factual averments, plaintiffs have alleged no facts that would indicate the violation of their federal constitutional rights.

7

The dismissal of plaintiffs' federal claim raises the issue of whether this court has jurisdiction over their remaining state claims. Title 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Having dismissed plaintiffs' section 1983 claim, this court is without jurisdiction to entertain the remaining claims, and the case must be remanded to state court. The Clerk of the Court is directed to take the steps necessary to remand this case to New York State Supreme Court, Erie County. The remainder of defendants' motion to dismiss is denied without prejudice to renew in state court if they see fit.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: 3/2/2010
p:\opinions\07-789.jan1110